E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

April 10 2025 11:44 AM

CONSTANCE R. WHITE
COUNTY CLERK
NO: 25-2-07692-5

Insurance Commissioner
ACCEPTED SOP

APR 21 2025

TIME: 8AM

## SUPERIOR COURT FOR THE STATE OF WASHINGTON
## IN AND FOR PIERCE COUNTY

| | |
|---|---|
| **VIDAL ROJAS CERAS**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **LIBERTY MUTUAL INSURANCE COMPANY**, a foreign insurance company; **DOE Defendants I-V** and **ROE Defendants I-V**, <br><br> Defendants. | No. <br><br><br> **COMPLAINT FOR PERSONAL INJURIES AND DAMAGES** |

**COMES NOW**, the Plaintiff, VIDAL ROJAS CERAS, by and through his attorney Burke Huber of Van Law Firm, PLLC, for causes of action against Defendants named in the caption above alleges as follows:

### I.  JURISDICTION AND VENUE

1.1   This action stems, in part, from violation of the RCW 48.30 et. seq- the Insurance Fair Conduct Act. Pursuant to RCW 48.30.015(1) the Superior Courts of the state of Washington have jurisdiction over this matter.

1.2   Venue is appropriate in the as Defendant does business in PIERCE County and

therefore has residence in that County pursuant to RCW 4.12.025(1) and (3).

## II.    PARTIES

2.1    Plaintiff, VIDAL ROJAS CERAS (Plaintiff CERAS), was at all times relevant to this action a resident of Pierce County, Washington and, at all times material hereto, was an "insured" under the terms of an automobile policy issued by Defendant.

2.2    Defendant LIBERTY MUTUAL INSURANCE COMPANY ("Defendant LIBERTY") is a foreign for-profit corporation doing business in the State of Washington. Defendant is and was at all times material hereto an "insurer" as defined in RCW 46.01.050.

2.3    Doe Defendants I-V and Roe Defendants I-V are individuals or entities whose true identities are not known to Plaintiff but who bear liability for the actions and damages pled herein. Plaintiff reserves the right to amend his Complaint to substitute the later identified Defendants in place of the Doe and Roe Defendants plead herein.

2.4    Plaintiff hereby reserves the right to amend and/or supplement both the parties named in the caption above and the causes of actions asserted in this Complaint to conform to the facts of this case as more facts are made available.

## III.    FACTUAL BACKGROUND

3.1    Plaintiff hereby incorporates by reference all allegations set forth in Paragraphs I and II as though fully set forth herein.

3.2    At all relevant times Plaintiff qualified as an "insured" under Plaintiff's automobile insurance contract with Defendant LIBERTY, Policy No. BAS560888774 (the "Policy").

3.3    At all times material hereto, the Policy provided underinsured and uninsured coverage (hereinafter, "UIM") as defined in RCW 48.22.030 through RCW 48.22.040 and

pursuant to Washington State Law.

3.4  At all times material hereto, Plaintiff complied with all of the conditions of the contract and the Policy was in force and provided coverage for the vehicle Plaintiff was driving at the time of the motor vehicle collision occurred on or around March 11, 2022 ("Subject Collision").

3.5  On or around March 11, 2022, Plaintiff was the driver of a 2013 Ford F-150 ("Plaintiff Vehicle").

3.6  On that date, Plaintiff was involved in the Subject Collision with an underinsured motorist as defined in RCW 48.22.030 through RCW 48.22.040.

3.7  Plaintiff was injured in said accident and properly notified Defendant LIBERTY of his injuries resulting from this accident.

3.8  The underinsured motorist at fault for the Subject Collision operated his vehicle in an unsafe manner and failed to use due care while traveling on Valley Avenue E, in PIERCE County in Washington.

3.9  On March 11, 2022, Plaintiff was traveling westbound on Valley Avenue E and stopped for traffic congestion. The underinsured motorist failed to stop and as a result, the underinsured motorist collided with the rear of Plaintiff's vehicle.

3.10  At the time as the Subject Collision, Plaintiff was conducting himself in an ordinary, reasonable and prudent manner and Plaintiff did not contribute to nor cause the accident in question.

3.11  At the time of the Subject Collision, the forementioned underinsured motorist operated his vehicle in a negligent and careless manner in direct disregard of the safety and welfare of the Plaintiff and other persons on the roadway.

3.12  The actions of the underinsured motorist violated their common law duty of care and was contrary to Washington Statutes pertaining to the operation of motor vehicles as set forth in RCW 46.61, et. Seq.

3.13  The injuries and other damages set forth throughout this Complaint sustained by the Plaintiff and those to be further established at the time of trial were the direct and proximate result of the clear negligence and misconduct committed on the part of the said "underinsured" motorist, thus Plaintiff's entitlement to first-party underinsured motorist coverage is clearly established.

3.14  Following the Subject Collision, Plaintiff reported the collision to Defendant LIBERTY pursuant to the coverage endorsement of the Policy.

3.15  Plaintiff also reported to Defendant LIBERTY that he had sustained personal injuries and was receiving medical treatment to address his personal injuries.

3.16  In response to Plaintiff's claim, Defendant LIBERTY opened Claim No. 24013471 (hereinafter, the "Claim").

3.17  On September 6, 2024, Plaintiff submitted a demand to Defendant LIBERTY for underinsured coverage explaining Plaintiff's past medical bills and treatment status as well as non-medical expenses as the basis for his demand and need for additional coverage as the at fault party for this collision did not cover sufficient insurance to cover all of Plaintiff's damages.

3.18  Defendant LIBERTY failed to make a timely response to Plaintiff's demand for underinsured motorist benefits and coverage.

IV.  **CAUSE OF ACTION – BREACH OF CONTRACT AND BAD FAITH**

4.1  Plaintiff hereby incorporates by reference all allegations set forth in Paragraphs I and III as though fully set forth herein.

4.2     Defendant LIBERTY through the Policy and the underinsured motorist coverage contained therein agreed to pay compensatory damages for which an insured is legally entitled to recover his special damages – past, present, and future – in the form of reimbursement for medical bills accrued in addressing his collision- related injuries, his economic loss damages and his general damages in the form of pain and suffering, disability, disfigurement and loss of enjoyment stemming from the injuries he sustained in the Subject Collision at issue.

4.3.    By failing to fairly, timely and equitably evaluate Plaintiff's UIM claim, LIBERTY has breached its contract to provide UIM benefits.

4.4     Plaintiff had a reasonable expectation, among others, that Defendant LIBERTY would reasonably value his claim, make a reasonable settlement offer on his claim, and would not withhold funds below the value even Defendant LIBERTY valued the claim.

4.5     Defendant LIBERTY'S actions are in violation of the express and implied terms and conditions of Plaintiff's rights under Policyholder's insurance contract with Defendant LIBERTY, including common law incorporated into the Policy and the reasonable expectations of Plaintiff as to the terms and conditions of said policy.

4.6     Defendant's breach of contract is seen in Defendant's failing to attempt fair and equitable resolution to Plaintiff's claim by way of settlement.

4.7     At all times relevant, Defendant LIBERTY owed a duty to the Plaintiff to comply with its implied covenant of good faith and fair dealing, and to do nothing to injure the rights of the Plaintiff to receive the benefits of the above-described policy of insurance.

4.8     Defendant LIBERTY, through its agents, has acted in bad faith and has violated its implied covenant of good faith and fair dealing having failed and refused to make a timely offer to Plaintiff, by failing to properly evaluate Plaintiff's claim and by failing to make a

reasonable payment of the Plaintiff's claim.

4.9    As a proximate result, the Plaintiff suffered damages as alleged herein.

4.10    The aforesaid misconduct of Defendant LIBERTY was in willful, wanton and reckless disregard of the Plaintiff's interests to such an extent as to constitute oppression, fraud, and actual malice toward the Plaintiff, thus entitling the Plaintiff to an award of punitive damages.

4.11    Plaintiff expressly reserves the right to bring additional claims under a separate suit at the conclusion of this matter, including but not limited to claims for Bad Faith, the Insurance Fair Conduct Act and any other common law or statutory scheme.

4.12    As a direct and proximate result of all the foregoing, the Plaintiff was injured in and about the spine, body, limbs, organs and systems, and was otherwise injured and caused to suffer great pain of body and mind, and some or all of the same are permanent and disabling conditions, all for past and future general damages in excess of $15,000.00.

4.13    As a further direct and proximate result of all the foregoing, the Plaintiff was caused and will be caused to expend monies for medical care and expenses incidental thereto, in an amount according to proof.

4.14    As a further direct and proximate result of all the foregoing, the Plaintiff was caused and will be caused to suffer a loss of income and an impairment of earning capacity, in an amount according to proof.

4.15    The Plaintiff is entitled to a recovery of compensatory damages and punitive damages, as alleged herein.

4.16    The Plaintiff is entitled to an award of an attorney fee, for reimbursement of the payment of litigation costs and for statutory interest according to law.

//

## V. LIMITATION OF WAIVER

5.1 Consistent with the provisions of RCW 5.60.060(4)(b) and pursuant to *Loundon v. Mhyre,* 110 Wn.2d 675 (1988); Plaintiff does not authorize ex parte contact with his physicians, either by way of in-person interviews, telephone conversations or conferences, or correspondence or request for medical records, unless accompanied by a properly notes subpoena duces tecum for discovery purposes.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff VIDAL ROJAS CERAS expressly reserves his right to amend this Complaint at the time of trial, to include all items of fact, law and damage not yet ascertained, demands judgment against Defendant as well as all DOES named, inclusive, and each of the Defendants as follows:

1. For Plaintiff, general damages in the form of disability, pain and suffering, and loss of enjoyment, in an amount to be proven at the time of trial;

2. For Plaintiff, a judgment in the amount of the Plaintiff's special damages in the form of past, present, and future medical expenses as well as past, present, and future economic damages;

3. For Plaintiff, an award of punitive damages for Defendant's reckless, wanton and willful behavior in an amount to be proven;

4. For Plaintiff, attorney's fees as permitted by law;

5. For Plaintiff, all consequential damages stemming from Defendant LIBERTY's breach of contract;

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES – 7

VAN LAW FIRM
9311 BRIDGEPORT WAY SW
LAKEWOOD, WA 98499
(360) 200-0000

6. For Plaintiff, other damages permitted by Washington law under the causes of action herein, including pre-judgment interest at the statutory rate on all items of special damages including, but not limited to, expenses of medical care, treatment, and related wage loss;

7. For Plaintiff, costs described in RCW 4.84.010, including but not limited to filing fees, fees for service of process, and statutory attorney and witness fees.

8. For Plaintiff, all damages as provided for pursuant to RCW 48.30.015(2) and (3).

9. For Plaintiff, any such other relief which the Court deems just, proper, and equitable.

Dated this 10th day of April, 2025.

**VAN LAW FIRM**

By: /s/ *Burke Huber*
Burke Huber WSBA No. 60556
9311 Bridgeport Way SW
Lakewood, WA 98499
Tel.: (360) 200-0000
burke@vanlawfirm.com
filingwa@vanlawfirm.com
*Counsel for Plaintiff Vidal Rojas Ceras*